NATIONAL ROOFING TILE COMPANY *vs.* THEODORE H. MACDONALD, RECEIVER, ÆTNA INDEMNITY COMPANY.

\* Third Judicial District, Bridgeport, October Term, 1919.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CURTIS, Js.

A surety-company bond, given for the faithful performance of a building contract by the contractor, is broken, and liability thereunder accrues, when the contractor abandons the undertaking; and if that happens prior to the appointment of a receiver of the surety company—as in the present case—a claim for the damages resulting from the contractor's default, although unliquidated, is provable for a dividend against the assets of the surety company in the hands of its receiver.

In the present case the claimant, a corporation of Missouri, where a school building was being erected for the city of St. Louis, had furnished the contractor with material which had gone into the construction of the building, but for which it, the claimant, had never been paid. The building contract required the contractor to make such payment, pursuant to the statutes of Missouri (3 Mo. Annotated Statutes, 1906, §§ 6761, 6762), which also gave the claimant a right to sue upon the bond for his own use, in the name of the county, municipality or district owning the building. *Held* that the mere fact that the claimant might not have been able, by reason of our rules of practice and procedure, to maintain its action for legal relief in our courts without an assignment from the obligee of the bond, constituted no objection to the allowance of its demand for its just and equitable share of the surety company's assets, since these were in the custody and control of our courts for the very purpose of making such a division among rightful claimants.

The surety bond in question expressly declared that it might "be assigned by the obligee to subcontractors, material-men, and laborers," etc. *Held* that such provision neither superseded nor subtracted from the terms of the statute authorizing such persons to sue in the name of the obligee without an assignment.

Submitted on briefs October 31st—decided December 22d, 1919.

APPLICATION in receivership proceedings by the plaintiff, an alleged creditor of the Ætna Idemnity

---

\* Transferred from first judicial district.

Company, praying for the allowance of its claim, brought to the Superior Court in Hartford County and referred to a committee who found and reported the facts; the court, *Case, J.*, accepted the report and, upon the facts therein stated, rejected and disallowed the claim, and from this judgment the plaintiff appealed. *Error; plaintiff's claim to be allowed.*

*Harrison Hewitt* and *Charles E. Clark,* for the appellant (plaintiff).

*J. Birney Tuttle,* for the appellee (defendant receiver).

PRENTICE, C. J. This claim is founded upon a bond given for the faithful performance of a written contract for the erection of a school building in the city of St. Louis, Missouri, entered into by and between the Helm Building Company, a building contracting corporation, and the Board of Education of that city. The statutes of Missouri provide that all counties, cities, towns and school districts making contracts for public work to be done for such county, city, town or district, shall require every contractor to execute a bond with good and sufficient securities, and that such bond, among other conditions, should be conditioned for the payment of all material used in such work, and all labor performed thereon, whether by subcontract or otherwise. 3 Mo. Annotated Statutes (1906) § 6761; Laws of 1895, p. 240, § 1. In compliance with this statute the Helm Company's contract with the Board of Education contained a provision, in substance, that all claims of those employed upon the building or furnishing materials therefor should be paid by the Company, and the bond in question was given conditioned on the faithful performance of the contract. The claimant furnished the contractor material which went into the building to the

amount of $1,049, for which it has never been paid. The Company abandoned the job, and, being without assets and largely indebted, went out of business before the receiver was appointed for the Indemnity Company. At this time the Helm Company's contract was breached, and liability under the bond accrued. *Bridgeport* v. *Ætna Indemnity Co.,* 91 Conn. 197, 205, 99 Atl. 566.

The section of the Missouri statutes next following that above referred to, provides that every person furnishing material or performing labor for any contractor for such public work where a bond, as required in the preceding section, had been executed, should have the right to sue for his own use and benefit on such bond in the name of the county, city, town or district. 3 Mo. Annotated Statutes (1906) § 6762; Laws of 1895, p. 240, § 2. The plaintiff, therefore, had, prior to the Indemnity Company's receivership, a right of action against that corporation upon its bond, which right of action had accrued and might have been pursued in the State of Missouri. This certainly entitled the plaintiff to have its claim allowed in order that it might share in an equitable division of the Indemnity Company's assets.

It is no objection to such an allowance that the plaintiff's claim had not been liquidated when the receiver was appointed. *Bridgeport* v. *Ætna Indemnity Co.,* 91 Conn. 197, 205, 99 Atl. 566.

Neither is it that the plaintiff might not have been able by reason of our rules of practice and procedure, to maintain its action for legal relief in our courts in the absence of an assignment from the obligee of the bond, the Board of Education, which had not then been made. The plaintiff has never attempted to enforce its right of action for legal relief here and is not attempting to do so. It is only asking to share in the division of the Indemnity Company's assets in the custody and control

of our courts for the purpose of making a just and equitable division of them among rightful claimants. As the possessor of a just and matured claim enforceable by legal proceedings in the State where the contract out of which it grew was to be performed, it has every right to so share. *In re Waddell-Entz Co.*, 67 Conn. 324, 333, 35 Atl. 257; *Pennsylvania Steel Co.* v. *New York City Ry. Co.*, 117 C. C. A. 503, 520, 198 Fed. Rep. 721, 738.

Neither does it militate against the claimant's right to have its claim allowed, that the bond contains, as it does, an express provision that it might "be assigned by the obligee to subcontractors, materialmen and laborers, who, at the instance of the principal obligor, have furnished work or material towards the completion of the contract, and in case of such assignment it shall enure to the benefit of all such parties alike in proportion of their respective demands remaining unpaid." That provision neither supersedes nor subtracts from the statutory provision under which the materialman or workman is authorized to sue in the name of the obligee without an assignment.

In view of these considerations, others addressed to us by the appellant or suggested by the record require no discussion.

There is error, the order of disallowance is set aside, and the application proceedings remanded with direction that the claimant's claim be allowed.

In this opinion the other judges concurred, except WHEELER, J., who concurred in the result.